# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 21-2285V

|  |  |
|---|---|
| THERESA A. WINNING,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: March 20, 2024 |

*Daniel A. Singer*, Howie Law, PC, Dallas, TX, for Petitioner.

*Mark Kim Hellie*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

  On December 13, 2021, Theresa A. Winning filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she developed Guillain-Barré syndrome which was caused by an influenza vaccine she received on October 22, 2019. Petition, ECF No. 1. On October 16, 2023, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 35.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $27,319.13 (representing $24,350.60 in fees plus $2,968.53 in costs). Petitioner's Application for Fees and Costs ("Motion") filed Nov. 28, 2023, ECF No. 40. In accordance with General Order No. 9, Petitioner filed a signed statement representing that Petitioner incurred no out-of-pocket expenses. ECF No. 39.

Respondent reacted to the motion on Dec. 12, 2023, reporting that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, ECF No. 41. Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

2

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

*A. Attorney Hourly Rates*

Petitioner requests hourly rates for attorneys performing work in this matter as follows:

|  | **2020** | **2021** | **2022** | **2023** |
|---|---|---|---|---|
| Daniel A. Singer, Esq. | X | $445 | $458 | $482 |
| Diane M. Plantz, Esq. | X | $266 | X | X |
| Paralegals | X | $172 | $177 | $186 |

The requested paralegal rates are reasonable and consistent with prior determinations and will therefore be awarded herein. The rates requested for Attorneys Singer and Plantz, however, require adjustment.

Attorney Singer was previously awarded hourly rates ($370 for 2021 and $385 for 2022) lower than what is being requested herein. Attorney Plantz was also previously awarded the *lesser* rate of $172 for time billed in 2021. *See Goode v. Sec'y of Health & Hum. Servs.*, No. 20-0985 Slip Op, 55 (Fed. Cl. Spec. Mstr. Apr. 28, 2023). Retroactive rate increases are not permitted in the Vaccine Program. *See*, e.g. *Ramirez* v. *Sec'y of Health & Hum. Servs.*, No. 16-1180V, 2019 WL 948385, at *2 (Fed. Cl. Spec. Mstr. Jan. 30, 2019) (noting that counsel "should only submit billing logs that reflect the hourly rate previously awarded to him.").

I find no reason to deviate from these previously established rates, and therefore reduce the 2021-22 rates to be consistent with *Goode*. For time billed in 2023, I find it reasonable to award Attorney Singer the hourly rate of $410, representing an increase of $25 from his 2022 approved rate (but still less than requested herein). Application of the foregoing reduces the amount of fees to be awarded herein by **$2,807.60.**[3]

---

[3] This amount consists of: ($445 - $370 = $75 x 0.50 hrs) + ($458 - $385 = $73 x 3.50 hrs) + ($482 - $410 = $72 x 7.90 hrs) + ($266 - $172 = $94 x 20.70 hrs) = $2,807.60

## ATTORNEY COSTS

Petitioner requests $2,968.53 in overall costs. ECF No. 40-1 at 12. This amount is comprised of obtaining medical records, shipping costs and the Court's filing fee. But with the exception of the filing fee totaling $402.00, I find that Petitioner has not provided sufficient supporting documentation to substantiate the remainder $2,566.53 in costs requested herein. Per the Guidelines for Practice Under the National Vaccine Injury Compensation Program (the "Guidelines"), "[b]efore reimbursement of costs will be made, sufficient supporting documentation, such as invoices, receipts, and billing statements, must be provided.". See Guidelines for Practice Under the National Vaccine Injury Compensation Program at 71.[4]

When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g., Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow reimbursement of the unsubstantiated costs, reducing the total amount of litigation costs to be awarded by **$2,566.53.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$21,945.00 (representing $21,543.00 in fees plus $402.00 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Daniel A. Singer.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[4] The guidelines for Practice Under the National Vaccine Injury Compensation Program can be found at: https://www.uscfc.uscourts.gov/sites/default/files/Guidelines-4.24.2020.pdf

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.